UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENCE ALEXANDER,

      Petitioner,

v.                                                    CASE NO. 6:07-cv-736-Orl-19KRS
                                                         (6:06-cr-125-Orl-19KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1).  The Government filed a response (Doc. No. 6) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*.  Petitioner filed a reply (Doc. No. 10) to the Government's response.

Petitioner alleges eight claims for relief in his motion, all premised on his attorney's alleged ineffective assistance.[1]  Specifically, Petitioner claims that his attorney: (a) failed to request a bond hearing (claim one); (b) failed to take his phone calls from jail (claim two); (c) failed to provide the Court with information regarding his medical status (claim three); (d) failed to inform him that he would be held accountable for 4.7 kilograms of cocaine

_____

[1] Petitioner presents four grounds for relief in his petition, all titled ineffective assistance of counsel.  However, within each ground, he presents numerous unrelated claims.  For clarity purposes, the Court will address each allegation of ineffective assistance as a separate claim.

(claim four); (e) failed to inform him of the critical elements of the charges against him (claim five); (f) failed to inform him of the facts of his case (claim six); (g) failed to inform him of the consequences of entering into a plea agreement (claim seven); and (h) failed to provide him with the Government's plea agreement in a timely manner (claim eight).

## I.   *Procedural History*

Petitioner and thirty others were charged in a one-count indictment with conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine hydrochloride, 50 grams or more of cocaine base, and 50 kilograms or more of marihuana.  (Criminal Case No. 6:06-cr-125-Orl-19KRS, Doc. No. 212, filed July 12, 2006.)[2] Thereafter, Petitioner waived prosecution by indictment and consented to the Government charging him by a first superseding information with one count of conspiracy to possess with intent to distribute a quantity of 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.  (Criminal Case Doc. Nos. 720, 721.)

On October 13, 2006, pursuant to a written plea agreement (Criminal Case Doc. No. 728), Petitioner entered a plea of guilty as charged in the first superseding information. Petitioner's plea agreement was initialed by Petitioner on each page and signed at the end. The plea agreement contained, among other details, a recitation of the minimum and maximum penalties for the charge, the elements of the offense, an appeal-sentence waiver,[3]

---

[2] Criminal Case No. 6:06-cr-125-Orl-19KRS will be referred to as "Criminal Case."

[3] Although the plea agreement contained an appeal waiver provision, the Court notes that all of Petitioner's claims attack the validity of his plea.  As such, the validity and effect of the waiver is not at issue in this case.  *See Patel v. United States*, 2007 U.S. App.

and a detailed, two page statement of facts summarizing Petitioner's involvement in the conspiracy. *Id*. at 2, 13, 16-17.

At Petitioner's change of plea hearing, Petitioner was placed under oath and specifically acknowledged having entered into the plea agreement. (Criminal Case Doc. No. 1475 at 5, 10.)  He identified the plea agreement, stated that he had read it, had discussed it with his attorney, that he understood it, and that he had initialed every page of it. *Id*. at 10-11.

During the plea colloquy, the Magistrate Judge summarized count one of the first superseding information. *Id*. at 2-3. The Magistrate Judge explained that if Petitioner went to trial, the Government would have to prove certain elements, including that Petitioner knowingly and willfully entered into an agreement to possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of cocaine hydrochloride. *Id*. at 7-8.  Petitioner stated that he understood what the Government would have to prove before he could be found guilty and that he had no questions concerning the charge. *Id*. at 8.  The Magistrate Judge also explained to Petitioner the nature of the charge against him and the minimum and maximum possible sentence he faced by pleading guilty. *Id*. at 17. Petitioner acknowledged that he understood all the possible penalties he faced by pleading guilty. *Id*. at 21.

Petitioner indicated that he had been given enough time to speak with his attorney and that he was satisfied with his attorney's services. *Id*. at 8-9.  Petitioner's counsel

LEXIS 25684 (11th Cir. Nov. 1, 2007).

expressed that he had no questions concerning Petitioner's competency or his ability to understand the proceedings. *Id*. at 9. Petitioner indicated that the only medication he was currently taking was for high blood pressure and diabetes and that there was nothing about his conditions or the medications he was using that made it difficult for him to think clearly. *Id*. at 6.

Petitioner further stated that he was entering into his plea agreement because he was guilty. *Id*. at 23-24. Specifically, he admitted that he intentionally bought cocaine on more than one occasion, that he knew at the time he did so that this was illegal, and that the amount of cocaine hydrochloride involved was more than 500 grams. *Id*. The Government provided a factual basis for Petitioner's plea, which included that: (1) Petitioner was involved in discussions relating to obtaining quantities of cocaine hydrochloride; (2) he knew the amount of cocaine hydrochloride involved was in excess of 500 grams; and (3) the amount of cocaine hydrochloride seized was approximately 4.7 kilograms. *Id*. at 24-25. When questioned by the Magistrate Judge, Petitioner stated that the Government's factual basis was true. *Id*. at 25. Finally, Petitioner acknowledged that he was entering into his guilty plea freely and voluntarily. *Id*.

The Court accepted the guilty plea and adjudicated Petitioner guilty. (Criminal Case Doc. No. 976.) A sentencing hearing was conducted, and Petitioner was sentenced to a 114-month term of imprisonment (Criminal Case Doc. No. 1235). Petitioner did not directly appeal his conviction or sentence.

II.     *Claims Two, Four, Five, Six, Seven and Eight*

Petitioner maintains that his attorney's ineffectiveness rendered his plea unknowing and involuntary. Specifically, Petitioner alleges that he would not have pled guilty had his attorney: kept in contact with him/taken his phone calls from jail (claim two); informed him that he would be held accountable for 4.7 kilograms of cocaine instead of the amount he "actually possessed" (claim four); informed him of the critical elements of the charges against him (claim five); "elaborated [on] the facts and consequences of taking a plea" (claims six and seven); and "given [him] the prosecutors [sic] plea agreement in a timely manner" (claim eight). As discussed more fully *infra*, the Court finds these claims to be without merit.

Generally, a defendant who pleads guilty is precluded from challenging his conviction on appeal, except on the ground that the plea was involuntary. *United States v. Kaiser*, 893 F.2d 1300, 1302 (11th Cir. 1990). The United States Constitution requires that a guilty plea "must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. French*, 719 F.2d 387, 390 (11th Cir. 1983) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). For a guilty plea to be knowing and voluntary, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *United States v. Mosley*, 173 F.3d 1318 (11th Cir. 1999).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58.  *Strickland v. Washington,* 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test requires Petitioner to demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688.  The second prong of the *Strickland* test requires Petitioner to show that the deficient performance prejudiced the defense.  *Id*. at 687.  In order to satisfy the prejudice requirement of the two-prong test, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

### A.    Claim Two

In claim two, Petitioner alleges that he was denied effective assistance of counsel when his attorney failed to keep in contact with him and failed to take his phone calls from jail. (Doc. No. 10 at 2.)  Upon review of the record, it appears that Petitioner's frustrations with regard to this claim are directed towards his first attorney who was appointed to be a judge while handling Petitioner's case and who the Court subsequently replaced months before Petitioner's change of plea hearing.  The record indicates that Petitioner's second attorney spoke on the phone and personally met with Petitioner on several occasions prior

to his change of plea hearing.  *See* Doc. No. 10-3 at 4, 5; *see also* Criminal Case Doc. No. 1475 at 9.

Petitioner's assertion that his attorney did not return his phone calls does not establish deficient performance.  *See United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001) (holding that defendant's unsupported allegations that his attorney failed to return his phone calls or provide meaningful advice on and analysis of his plea agreement did not amount to the level of deficiency necessary for an ineffective assistance claim); *see also Myers v. Laclair,* No. 06 Civ. 13321 (NRB), 2007 U.S. Dist. LEXIS 81655, at *16 (S.D. N.Y. Oct. 31, 2007) (stating that "a lack of a response to letters and calls does not necessarily mean counsel's representation was ineffective").  Moreover, at the plea hearing, Petitioner stated that he was satisfied with his attorney's services.  (Criminal Case Doc. No. 1475 at 8-9.) Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Accordingly, Petitioner has not demonstrated that his counsel was ineffective in this regard.

**B.    *Claim Four***

In claim four, Petitioner maintains that his counsel was ineffective for failing to inform him that he "would be held accountable for 4.7 kilograms of cocaine instead of the amount [he] actually possessed."  (Doc. No. 10-2 at 3.)  The Court finds that Petitioner's contention is wholly incredible.  Petitioner's plea agreement stated:

> the quantity of cocaine hydrochloride readily provable by the United States
> and specifically attributable to [Petitioner] related to this conspiracy to
> possess with intent to distribute cocaine hydrochloride is **4,695.27 grams
> (approximately 4.7 kilograms),** which figure derives from the total amount
> of cocaine HCL actually seized from or in relation to co-conspirators Delvin
> Bernard Flowers, Mark Antonio Weaver, Josh Argo or other members during
> the time that [Petitioner] was a member of the conspiracy.

(Criminal Case Doc. No. 728 at 17) (emphasis added).  Additionally, Petitioner agreed with
the Government's factual basis for his guilty plea, stated in open Court at the plea
proceeding, which provided that Petitioner knew the amount of cocaine hydrochloride
seized was approximately 4.7 kilograms.  (Criminal Case Doc. No. 1475 at 24-25.)  Thus, the
record reflects that Petitioner was fully aware that he was pleading guilty to conspiracy to
possess with intent to distribute a quantity of 500 grams or more of cocaine hydrochloride
and that the amount of cocaine seized in relation to his conspiracy was approximately 4.7
kilograms.   Therefore, Petitioner cannot demonstrate that he was prejudiced by his
attorney's alleged failure to explain this fact to him.

Because Petitioner is unable to demonstrate prejudice, the Court need not decide
whether the attorney's performance in this regard was deficient.  *See Grayson v. Thompson*,
257 F.3d 1194, 1225 (11th Cir. 2001) ("In this case, we need not decide whether counsel's
performance was in fact deficient because Grayson so clearly fails to satisfy the prejudice
prong of the Sixth Amendment analysis.").  Consequently, claim four must be denied.

C.    *Claim Five*

In claim five, Petitioner asserts that his counsel was ineffective for failing to inform
him of the critical elements of the charge against him.  (Doc. No. 10-2 at 3.)  As discussed

8

previously, the elements of Petitioner's charge were clearly laid out in his plea agreement. (Criminal Case Doc. No. 728 at 2.) Furthermore, the Magistrate Judge specifically informed Petitioner what the Government would have to prove if Petitioner elected to go to trial. (Criminal Case Doc. No. 1475 at 7-8.)  As in claim four, the Court finds that Petitioner is unable to demonstrate that he was prejudiced by his attorney's alleged failure, and consequently, claim five must also be denied.

### D.   Claims Six and Seven

With regard to claims six and seven, Petitioner states:

> The facts of the Petitioner's [sic] case is [sic] the most important part of the case . . . and if counsel [ ] would have kept in contact with [him], and elaborated the facts and consequences of taking a plea (as a waiver of certain rights), he would have never entered the plea with the Government [ ] unknowingly and involuntarily.

(Doc. No. 10-2 at 3.)  The Court finds that these two claims are affirmatively refuted by Petitioner's statements made while under oath in open Court, indicating that his counsel had in fact discussed with him the consequences of pleading guilty.  (Criminal Case Doc. No. 1475 at 11, 13, 18, 21.)  Moreover, any prejudice Petitioner might have suffered as a result of his attorney's alleged performance in this regard was cured by the plea colloquy, which addressed whether Petitioner understood the consequences of pleading guilty.

Therefore, as Petitioner has shown neither deficient performance nor prejudice, claims six and seven must be denied.

E.      *Claim Eight*

Finally, Petitioner's eighth claim is largely unintelligible and incomprehensible.

Petitioner contends:

> If counsel would have given [him] the prosecutors [sic] plea agreement in a
> timely manner instead of tricking him into taking a plea, he could have
> consulted with him about the elements and nature of the crimes [he] was
> charged with in full detail, and if counsel would have accepted [his] phone
> calls to discuss his options, [he] would [have] never entered a plea of guilt[y]
> [ ] and insisted on going to trial.

(Doc. No. 10 at 2.)  It appears that Petitioner's contentions in the instant claim are nearly

identical to Petitioner's previous claims, particularly claims two, five, six, and seven.

Inasmuch as this claim relates to Petitioner's previous claims, the Court rejects any

suggestion that Petitioner's attorney was ineffective, thereby rendering Petitioner's guilty

plea invalid.  However, to the extent Petitioner contends that his attorney did not provide

him with adequate time to review his plea agreement, the Court finds Petitioner's

contention is without merit.  Petitioner stated under oath to the Magistrate Judge that he

had read his plea agreement, thoroughly discussed it with his attorney, and understood

it.  (Criminal Case Doc. No. 1475 at 8, 10, 11, 18.)  Moreover, during his change of plea

hearing, Petitioner was given numerous opportunities to speak with his attorney privately

or ask the Court any questions he may have had.  *Id*. at 5, 23, 25, 26.  As Petitioner has

shown neither deficient performance nor prejudice, this claim must be denied.

III.    *Claim Three*

In claim three, Petitioner asserts that his counsel was ineffective for failing to "release motion [sic] of medical status." (Doc. No. 1 at 5.) Specifically, Petitioner claims that had his attorney presented his medical records to the Court, they would have shown he suffers from severe paranoid schizophrenia, and therefore he did not have the mental capacity to plead guilty. (Doc. No. 10 at 3, 5); (Doc. No. 10-2 at 5.) Thus, it appears that Petitioner is asserting that he was incompetent to plead guilty.

For a finding of competence to plead guilty, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and [have] a rational as well as factual understanding of the proceedings against him." *United States v. Hoobler*, Case No. 06-14664, 2007 U.S. App. LEXIS 25869, at **17 (11th Cir. Nov. 2, 2007) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). This claim is belied by Petitioner's own sworn statements in the record. During the plea colloquy, the Magistrate Judge thoroughly questioned Petitioner about his capacity to plead guilty. Petitioner indicated that the only medication he was currently taking were for high blood pressure and diabetes and that there was nothing about his conditions or the medications he was using that made it difficult for him to think clearly. (Criminal Case Doc. No. 1475 at 6.) He also indicated that he was not under the care of a psychologist or psychiatrist. *Id*. at 6-7. Moreover, when asked by the Court, Petitioner's counsel expressed that he had no concerns regarding Petitioner's competency or his ability to understand the

proceedings. *Id.* at 9. Thus, the Magistrate Judge found Petitioner competent to plead guilty. *Id.*

As previously stated, "the representations of the defendant, his lawyer, and the prosecutor at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. The Court concludes that Petitioner has not demonstrated that the Magistrate Judge erred in finding him competent to plead guilty. Accordingly, this claim is without merit.

## IV.    *Claim One*

In claim one, Petitioner contends that he advised his attorney that he wanted a bond hearing, but his attorney did not submit his request to the Court. (Doc. No. 1 at 4.) This claim is not cognizable under § 2255. Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, a federal prisoner may only obtain relief under § 2255 if his sentence (a) was imposed in violation of the Constitution or federal laws, (b) was imposed by a court without jurisdiction to do so, (c) was in excess of the maximum permitted by the law, or (d) is otherwise subject to attack. Petitioner has not shown the applicability of any

of these four grounds regarding claim one.  Moreover, Petitioner has not established that he was prejudiced by counsel's alleged failure to request a bond hearing.  Therefore, this claim is not cognizable under § 2255 and is otherwise without merit.

### IV.    Conclusion

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by CLARENCE ALEXANDER is **DENIED**, and this case is **DISMISSED** with prejudice.

2.    The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.    The Clerk of the Court is directed to file a copy of this Order and the judgment in Petitioner's criminal case (6:06-cr-125-Orl-19KRS).

4.    The Clerk is further directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 1441) pending in case number 6:06-cr-125-Orl-19KRS.

**DONE AND ORDERED** at Orlando, Florida, this _4th____ day of June, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

13

Copies to:
pslc 6/4
Clarence Alexander
Counsel of Record